CAROLINE R. STRONG and Others, Plaintiffs, *v.* THE TRUSTEES OF THE FREEHOLDERS AND COMMONALTY OF THE TOWN OF BROOKHAVEN IN SUFFOLK COUNTY, NEW YORK, Defendants.

Supreme Court, Suffolk County, November 8, 1928.

*Robbins, Wells & Housel,* for the plaintiffs.

*Ralph J. Hawkins* [*Ralph J. Hawkins* and *Tompkins McIlvaine* of counsel], for the defendants.

HUMPHREY, J.    The land in question is what is known as meadow land bordering Mt. Sinai Harbor in the town of Brookhaven, Suffolk county.

Prior to 1902, plaintiffs and their predecessors in interest were the owners of 1,150 acres of uplands known as " Oakwood," bounded on the west by Port Jefferson Harbor.

Prior to 1885, plaintiffs and their predecessors in title, in the occupation of the uplands, frequently cut meadow grass and thatch from the meadow lands lying between their uplands and the beach bordering on Long Island Sound.   They also had title deeds with more or less indefinite descriptions from the town of Brookhaven to them or their predecessors in interest, and thereby claimed ownership in the meadow lands involved in this action.

Whether or not these title deeds and minutes and town records of the town of Brookhaven vested good title to the meadow lands in plaintiffs and their predecessors in interest, is not important to the decision in this case.

On July 29, 1902, the plaintiffs and their predecessors in interest entered into a contract for the sale of the 1,150 acres of uplands and meadows and beach adjacent thereto, to one Rossiter by the following description in so far as it relates to the lands in question: " Together with all·rights of the vendors of, in and to the land under water abutting said premises, and also to any rights of way appurtenant thereto, and also all low lands adjoining the said

premises, including Mt. Sinai Beach. The premises to which right, title and interest is to be given however are not to be included in the acreage." The contract further provided that the vendee should accept such title as the Title Guarantee and Trust Company would approve and insure.

This contract was assigned by Rossiter to one Nellie Maternagan, and a deed was executed and delivered pursuant to such contract on September 10, 1902, which deed described the property conveyed so far as it relates to the lands in question, as follows: " Along the westerly side of Mt. Sinai Harbor at highwater mark to Long Island Sound; thence northwesterly along Long Island Sound at highwater mark * * *. Together with all the right, title and interest of the parties of the first part hereto, of in and to the land under water abutting said premises and also to any rights of way appurtenant thereto and also all low land adjoining said premises including Mt. Sinai Beach. Together with the appurtenances, and all the estate and rights of the parties of the first part in and to said premises."

The Title Guarantee and Trust Company guaranteed the title to the uplands but excepted from its policy of insurance the meadow and beach lands covered by the conveyance.

At the time of the conveyance of title by the plaintiffs and their predecessors in interest as above set forth, they delivered and left with the Title Guarantee and Trust Company all instruments and documents by which they claimed title to the lands in question for the benefit of the purchasers under the above-mentioned deed.

From the time of the execution and delivery of the above-mentioned deed, plaintiffs and their predecessors in interest exercised no acts of ownership, as far as the evidence in this case discloses, over the lowlands and beach, title to which is now claimed by the plaintiffs, until October, 1927, at which time plaintiffs set up a claim to the lands in question.

The language used in describing the lands, other than the uplands of 1,150 acres, deeded to Nellie Maternagan, as well as the contract to Rossiter, which preceded it, forces the conclusion unescapable that the conveyance mentioned vested in Maternagan not only the uplands but all the right, title and interest which the plaintiffs and their predecessors in title had in the premises in question.

Judgment for the defendants.